IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN R. SWIFT, et al., } | |
| } | |
| Plaintiffs, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 97-AR-2430-E |
| MONSANTO COMPANY, Inc., et } | |
| al., } | |
| } | |
| Defendants. } | |

FILED
99 MAY 17 PM 3:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 18 1999

**MEMORANDUM OPINION**

Whenever a party seeks to amend his pleadings after the deadline provided in an order entered pursuant to Rules 26(f) and 16(b), a potential conflict with Rule 15(a) is presented. Such a conflict is here presented by plaintiffs' motion filed on April 23, 1999, seeking to amend the complaint to add counts for assault, battery, negligent infliction of emotional distress and intentional infliction of emotional distress. The proposed amendment not only would expand the present complaint of polychlorinated byphenyls ("PCBs") contamination of real property, but would charge that defendants have caused personal injury to plaintiffs by the release of unnamed toxic and hazardous chemicals or pollutants ("not necessarily limited to polychlorinated byphenyls"). Not only would the proposed amendment drastically change the scope and complexion of the suit, making extensive further discovery a highly likely

prospect, but the court detects no good reason for plaintiffs not to have sought leave to offer their proposed amendment at least by October 19, 1998, when they were granted leave to amend despite the then deadline of April 20, 1998. Rule 16(b) provides: "A schedule shall not be modified except upon a showing of good cause." The court must have found such "good cause" on October 19, 1998. The court cannot find "good cause" today.

In an exercise of its discretion, the court, by separate order, will deny plaintiffs' motion for leave to amend, rendering moot defendants' request for oral argument.

DONE this 17th day of May, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE